Marsha J. Chien, State Bar No. 275238
Christopher Ho, State Bar No. 129845
THE LEGAL AID SOCIETY –
  EMPLOYMENT LAW CENTER
180 Montgomery Street, Suite 600
San Francisco, California 94104
Telephone:  (415) 864-8848
Facsimile:  (415) 593-0096
mchien@las-elc.org
cho@las-elc.org

Attorneys for Plaintiff and Petitioner
VICTOR GUERRERO

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR GUERRERO, | Case No.: |
| Plaintiff and Petitioner, | **COMPLAINT FOR EMPLOYMENT DISCRIMINATION; PETITION FOR WRITS OF MANDATE** |
| v. | |
| | **[JURY TRIAL DEMANDED]** |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION; STATE PERSONNEL BOARD, | |
| Defendants and Respondents. | |

## NATURE OF THIS ACTION

1.   This is an action for relief from employment discrimination in violation of Title VII of the Civil Rights Act of 1964, the Fourteenth Amendment of the United States Constitution, the California Fair Employment and Housing Act ("FEHA"), California Government Code § 11135, and California Constitution Art. 1, § 7.

2.   This is also a petition for relief from an administrative action pursuant to Sections 1094.5 and 1085 of the California Civil Code of Procedure.

3.   Plaintiff and Petitioner VICTOR GUERRERO alleges that the decision of

**COMPLAINT FOR EMPLOYMENT DISCRIMINATION;
PETITION FOR WRITS OF MANDATE**

1

Defendants and Respondents CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION ("CDCR") and STATE PERSONNEL BOARD ("SPB") (collectively, "Defendants") to disqualify GUERRERO from eligibility for a Correctional Officer position unlawfully discriminated against him on the basis of his national origin and ancestry, and that Defendants' policies, practices, and decisions have a disparate impact upon Latino/a applicants for the position of Correctional Officer.

4. Plaintiff GUERRERO further alleges that Defendants' disqualification of his application for a Correctional Officer position was unlawful in that it violated Title VII, the FEHA, Cal. Gov. Code § 11135, and his rights under the United States and California Constitutions, and additionally because, as applied, the regulation, 2 Cal. Code of Reg. § 172 (also referred to herein as "State Personnel Board Rule 172" or "SPB Rule 172"), under which he was disqualified represents an unlawful expansion of its enabling statute.

5. Plaintiff GUERRERO seeks injunctive and declaratory relief, compensatory, and punitive damages, and his reasonable attorneys' fees and costs as remedies for Defendants' violations of his rights.

## JURISDICTION AND VENUE

6. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1337. This action is authorized and instituted pursuant to Section 706(f)(3) of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e-5(f)(3); and Section 1979 of the Revised Statutes of the United States, as amended (Section 1983), 42 U.S.C. § 1983.

7. This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a) because those claims form part of the same case or controversy under Article III of the United States Constitution. Plaintiff's state law claims share all common operative facts with his federal law claims, and the parties are identical. Resolving Plaintiff's federal and state claims in a single action serves the interests of judicial economy, convenience, consistency, and fairness to the parties.

**COMPLAINT FOR EMPLOYMENT DISCRIMINATION;**
**PETITION FOR WRITS OF MANDATE**

8. But for the Defendants' employment practices alleged to be unlawful, Plaintiff would have been eligible for employment in California correctional facilities within this judicial district. Venue is therefore proper.

## INTRADISTRICT ASSIGNMENT

9. This action is appropriate for assignment to the San Francisco Division of this Court, as the unlawful practices alleged were and are now preventing Plaintiff from obtaining employment with Defendants as a Correctional Officer in Marin County, which is situated within the San Francisco Division.

## PARTIES

10. Plaintiff and Petitioner GUERRERO is a citizen of the United States and a resident of Stockton, California. Plaintiff GUERRERO is of Latino national origin. He is studying for an associate's degree in Criminal Justice and Correctional Science at San Joaquin Delta College. He expects to receive a Certificate of Correctional Science in December 2013, and to graduate with a double Associates Degree in Applied Science (AAS) in Criminal Justice Systems: Law Enforcement and Correctional Science in the spring of 2014.

11. Defendant and Respondent CDCR is an employer within the meaning of Title VII and the FEHA.

12. Defendant and Respondent SPB is an employer and a third-party interferer within the meaning of Title VII and the FEHA. Alternatively, SPB is an agent of CDCR and/or engaged in an integrated enterprise with CDCR.

13. CDCR is a state entity existing under a charter granted by the Legislature of the State of California and adopted pursuant to the Constitution and laws of the State of California. CDCR operates at least one correctional facility in Marin County.

14. SPB was established under the California Constitution and is responsible for overseeing the merit-based, job-related recruitment and selection process for the hiring of California state employees. SPB audits departments for merit system compliance and is empowered to hear appeals from disqualification of candidates for employment in the

**COMPLAINT FOR EMPLOYMENT DISCRIMINATION;**
**PETITION FOR WRITS OF MANDATE**

3

1  Correctional Officer position.

2   15.  All of the acts and failures to act alleged herein were performed by and/or
3  attributable to all Defendants.  Each Defendant participated in, approved, and/or ratified the
4  unlawful acts and omissions by the other Defendants complained of herein.  Said acts and failure
5  to act were within the scope of the inherent authority, employment, and/or direction and/or
6  control of the Defendants.

**STATEMENT OF FACTS**

8   16.  In August 2011, Plaintiff GUERRERO applied for a job as a Correctional Officer
9  with CDCR.  As part of the application process, Plaintiff GUERRERO was required to complete
10  a written examination and a physical agility test, and to submit to a background investigation.
11  Plaintiff GUERRERO passed the written and physical examinations.

12   17.  As part of the background investigation, Plaintiff GUERRERO filled out a
13  background questionnaire.  Question #75 of the questionnaire asked whether the applicant "had
14  or used a social security number other than the one you used on this questionnaire."

15   18.  Plaintiff GUERRERO truthfully answered "yes" to Question #75.  He submitted an
16  addendum explaining that he was brought to the United States unlawfully in or around 1990
17  when he was approximately 11 years old and that, when he was approximately 15 years old, he
18  started working to support the family and was provided a Social Security number ("SSN").  His
19  addendum also stated that he used the SSN until March 2007, when he obtained his own SSN.

20   19.  In October 2011, Plaintiff GUERRERO participated in CDCR's Pre-Investigatory
21  Interview.  At that time, Plaintiff GUERRERO further explained to the background investigator
22  *inter alia* the following: (a) he was given an SSN so he could start working at a place where a
23  family friend worked when he was approximately 15 years old; (b) he did not learn he was
24  undocumented and that the SSN was not his own until he was 17 years old; (c) he used the SSN
25  to obtain work, but paid all required taxes from 1997 to 2007 using an Individual Taxpayer
26  Identification Number ("ITIN"), which is an identification number issued by the Internal
27  Revenue Service to persons who are not eligible for an SSN for tax reporting purposes; (e) he

28  **COMPLAINT FOR EMPLOYMENT DISCRIMINATION;**
**PETITION FOR WRITS OF MANDATE**
4

1  became a legal permanent resident of the United States in 2007, was issued his own SSN, and

2  started using his own SSN to file for taxes that same year and retroactively applied for earned

3  income tax credit paid during the years 2005-2007; and (g) he became a United States citizen in

4  2010.

5      20.   On or about January 27, 2012, CDCR sent Plaintiff GUERRERO a letter informing

6  him that he was being removed from the list of eligible candidates for the Correctional Officer

7  position.

8      21.   In its letter, CDCR referred to incidents relating to Plaintiff GUERRERO's prior use

9  of an SSN that was not his own, and to his receipt of an ITIN from the IRS.  The letter stated that

10 Plaintiff GUERRERO did not satisfy the requirements of State Personnel Board Rule 172,

11 which, according to the letter, required that "candidates shall possess the general qualifications

12 of integrity, honesty, [and] good judgment".

13     22.  The CDCR letter further stated *inter alia* that "you [Plaintiff GUERRERO]

14 committed identity theft for eight years but [sic] utilizing a social security number of a United

15 States citizen causing unknown ramifications for that person by having income reported under

16 their number which they were unaware of".

17     23.  The CDCR letter concluded that this action "shows a lack of honesty, integrity, and

18 good judgment.", and that Plaintiff GUERRERO's name would be removed from the list of

19 eligible candidates "in compliance with California Government Code § 18935 and State

20 Personnel Board Rule 172".

21     24.   Plaintiff GUERRERO timely appealed CDCR's decision to SPB in a letter dated

22 February 22, 2012.

23     25.   SPB did not hold a formal evidentiary hearing to adjudicate Plaintiff

24 GUERRERO's appeal.

25     26.   SPB affirmed CDCR's decision on or about August 21, 2012, citing to State

26 Personnel Board Rule 172, and stating *inter alia* that "[p]eace officers hold a special position of

27 trust and authority and, as such, they are held to a higher standard of conduct than are other

28 **COMPLAINT FOR EMPLOYMENT DISCRIMINATION;**
**PETITION FOR WRITS OF MANDATE**

5

1  employees . . . by displaying a very high degree of integrity honesty, thoroughness, and good
2  judgment."
3       27.  SPB reasoned that Plaintiff GUERRERO's use of an SSN that did not belong to
4  him, and his use of an ITIN provided by the IRS, demonstrated "a knowingly [sic] and willful
5  disregard of the law" and, thus, "a lack of honesty, integrity, and good judgment."
6       28.  SPB also noted Plaintiff GUERRERO had initially misstated the year in which he
7  received his own SSN, and determined his misstatement "show[s] a lack of thoroughness and
8  accuracy, which are also issues of unsuitability under section 172."
9       29.  In affirming CDCR's decision, SPB concluded that Plaintiff GUERRERO's use of
10 an SSN not assigned to him demonstrated "a lack of thoroughness, accuracy, integrity, honesty,
11 and good judgment."
12      30.  SPB did not provide Plaintiff GUERRERO with any information about how or when
13 to appeal its affirmation of CDCR's decision.
14      31.  In 2013, Plaintiff GUERRERO re-applied for a position as a Correctional Officer.
15 On April 22, 2013, Plaintiff GUERRERO completed the background questionnaire where he
16 again truthfully answered that he had at one time used an invented SSN to obtain work.
17      32.  On July 22, 2013, Plaintiff GUERRERO again participated in CDCR's Pre-
18 Investigatory Interview.  Plaintiff GUERRERO again truthfully explained the circumstances
19 under which he used the false SSN.
20      33.  On or about October 21, 2013, CDCR sent Plaintiff GUERRERO a letter informing
21 him that he was being removed from the list of eligible candidates for the Correctional Officer
22 position.
23      34.  Plaintiff GUERRERO is informed and believes and thereon alleges CDCR is still
24 using the same list of eligible candidates to fill positions.
25      35.  Plaintiff GUERRERO filed administrative charges of employment discrimination
26 with the U.S. Equal Employment Opportunity Commission and the California Department of
27 Fair Employment and Housing on January 24, 2013, and again on December 4, 2013, with
28 **COMPLAINT FOR EMPLOYMENT DISCRIMINATION;**
**PETITION FOR WRITS OF MANDATE**

respect to the foregoing matters.  On December 4, 2013, Plaintiff GUERRERO requested immediate notices of his right to sue thereon, and this action is timely filed.

**FIRST CLAIM FOR RELIEF**
**National Origin Discrimination in Violation of**
**Title VII of the Civil Rights Act of 1964, as amended**
**[42 U.S.C. § 2000e-2]**

36.   Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 35, as though fully set forth herein.

37.    Section 703 of Title VII, 42 U.S.C. § 2000e-2, prohibits employment practices that discriminate against persons on the basis of their national origin.

38.    Plaintiff GUERRERO is informed and believes and thereon alleges that Defendants' disqualification of applicants who have previously used an SSN other than their own has an adverse and disproportionate impact upon the ability of Latino/as to qualify for state employment.

39.    Defendants' disqualification of applicants for the position of Correctional Officer who have previously used an SSN other than their current SSN is neither manifestly job-related nor consistent with business necessity.

40.    Less discriminatory alternatives exist to achieve Defendants' stated business purposes.

41.    Defendants' unlawful actions were intentional, willful, malicious and/or done with reckless disregard to Plaintiff GUERRERO's right to be free from discrimination based on his national origin.

42.    As a further proximate result of these unlawful acts, Plaintiff GUERRERO has suffered and continues to suffer injury, including emotional injury.

43.    Plaintiff GUERRERO is entitled to compensatory damages, punitive damages, injunctive and declaratory relief, and his reasonable attorneys' fees and costs of suit.

//
//
//

**COMPLAINT FOR EMPLOYMENT DISCRIMINATION;**
**PETITION FOR WRITS OF MANDATE**

7

**SECOND CLAIM FOR RELIEF**
National Origin and Ancestry Discrimination in Violation of
California Fair Employment and Housing Act
[Cal. Gov't Code § 12940]

44. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 43, as though fully set forth herein.

45. Under the FEHA, it is unlawful for an employer, on the basis of national origin or ancestry, "to refuse to hire or employ the person or to refuse to select the person for a training program leading to employment … or to discriminate against the person … in terms, conditions or privileges of employment." Cal. Gov't Code § 12940(a).

46. Defendants' unlawful actions were intentional, willful, malicious and/or done with reckless disregard to Plaintiff GUERRERO's right to be free from discrimination based on his national origin.

47. Plaintiff GUERRERO is informed and believes and thereon alleges that Defendants' disqualification of applicants who have previously used an SSN other than their own has an adverse and disproportionate impact upon the ability of Latino/as to qualify for state employment.

48. Defendants' disqualification of applicants for the position of Correctional Officer who have previously used an SSN other than their current SSN is neither manifestly job-related nor consistent with business necessity.

49. Defendants violated Plaintiff GUERRERO's right to be free from discrimination based on his national origin and/or ancestry. In doing so, Defendants acted with malice, oppression, and/or fraud. As a further proximate result of these unlawful acts, Plaintiff GUERRERO has suffered and continues to suffer injury, including emotional injury.

50. Plaintiff GUERRERO is entitled to compensatory damages, punitive damages, injunctive and declaratory relief, and his reasonable attorneys' fees and costs of suit.

//
//
//

COMPLAINT FOR EMPLOYMENT DISCRIMINATION;
PETITION FOR WRITS OF MANDATE

8

**THIRD CLAIM FOR RELIEF**
**National Origin Discrimination in State-Conducted Programs**
**[Cal. Gov't Code § 11135]**

51. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 50, as though fully set forth herein.

52. Under California Government Code § 11135, "[n]o person in the State of California shall, on the basis of . . . national origin [or] ethnic group identification . . . be unlawfully denied full and equal access to the benefits of, or be unlawfully subjected to discrimination under, any program or activity that is conducted, operated, or administered by the state or by any state agency, is funded directly by the state, or receives any financial assistance from the state." Cal. Gov't Code § 11135(a).

53. CDCR and SPB are both state agencies funded directly by the state. CDCR and SPB unlawfully subjected Plaintiff GUERRERO to discrimination based on his national origin. Defendants' unlawful actions were intentional, willful, malicious and/or done with reckless disregard to Plaintiff GUERRERO's right to be free from discrimination based on his national origin.

54. Plaintiff GUERRERO is informed and believes and thereon alleges that Defendants' disqualification of applicants who have previously used an SSN other than their current SSN has an adverse and disproportionate impact upon the ability of Latinos to qualify for state employment.

55. Defendants' disqualification of applicants for the position of Correctional Officer who have previously used an SSN other than their current SSN is neither manifestly job-related nor consistent with business necessity.

56. Less discriminatory alternatives exist to achieve Defendants' stated business purposes.

57. As a proximate result of these unlawful acts, Plaintiff GUERRERO was denied the benefits of state employment and has suffered and continues to suffer injury, including emotional injury.

**COMPLAINT FOR EMPLOYMENT DISCRIMINATION;**
**PETITION FOR WRITS OF MANDATE**

58. Plaintiff GUERRERO is entitled to relief, including declaratory relief, injunctive relief, and his reasonable attorneys' fees and costs of suit.

### FOURTH CLAIM FOR RELIEF
### For Violation of Equal Protection Clause of Fourteenth Amendment of the United States Constitution
### [42 U.S.C. § 1983]

59. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 58, as though fully set forth herein.

60. Plaintiff GUERRERO has a right to equal protection of the laws which is secured by the Fourteenth Amendment to the United States Constitution.

61. By rejecting Plaintiff GUERRERO's application for a Correctional Officer position due to his prior use of a different Social Security number, Defendants CDCR and SPB, acting under color of state law, unconstitutionally discriminated against Plaintiff GUERRERO compared to similarly situated California applicants to public employment in violation of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

62. As a proximate result of these unlawful acts, the Plaintiff GUERRERO has suffered and continues to suffer irreparable injury.

63. Plaintiff GUERRERO is entitled to relief, including nominal damages, declaratory relief, injunctive relief, and his reasonable attorneys' fees and costs of suit.

### FIFTH CLAIM FOR RELIEF
### For Violation of the Equal Protection Clause
### of the California Constitution

64. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 63, as though fully set forth herein.

65. Plaintiff GUERRERO has a right to equal protection of the laws which is secured by Article 1, Section 7 of the California Constitution.

66. By rejecting Plaintiff GUERRERO's application for a Correctional Officer position due to his prior use of a different Social Security number, Defendants CDCR and SPB, acting

COMPLAINT FOR EMPLOYMENT DISCRIMINATION;
PETITION FOR WRITS OF MANDATE

10

under color of state law, unconstitutionally discriminated against Plaintiff GUERRERO compared to similarly situated California applicants to public employment in violation of Article I, Section 7 of the California Constitution.

67. As a proximate result of these unlawful acts, the Plaintiff GUERRERO has suffered and continues to suffer irreparable injury.

68. Plaintiff GUERRERO is entitled to relief, including nominal damages, declaratory relief, injunctive relief, and his reasonable attorneys' fees and costs of suit.

### SIXTH CLAIM FOR RELIEF
**For Violation of Due Process Clause of Fourteenth Amendment of the United States Constitution and the California Constitution**
**[42 U.S.C. § 1983]**

69. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 68, as though fully set forth herein.

70. Plaintiff GUERRERO has a liberty interest in choosing his field of employment, which is protected against state interference by the Due Process Clause of the Fourteenth Amendment of the United States Constitution and the California Constitution.

71. By denying Plaintiff GUERRERO the ability to be considered for the Correctional Officer position and refusing to provide Plaintiff GUERRERO with a formal evidentiary hearing to appeal the CDCR decision, Defendants CDCR and SPB, acting under color of state law, completely deprived Plaintiff GUERRERO of the ability to engage in the profession of Correctional Officer, in violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution and Article I, Section 7 of the California Constitution.

72. As a proximate result of these unlawful acts, Plaintiff GUERRERO suffered and continues to suffer irreparable injury.

73. Plaintiff GUERRERO is entitled to relief, including nominal damages, declaratory relief, injunctive relief, and his reasonable attorneys' fees and costs of suit.

### SEVENTH CLAIM FOR RELIEF
**For Violation of Due Process Clause of the California Constitution**

74. Plaintiff incorporates by reference the allegations contained in Paragraphs 1

**COMPLAINT FOR EMPLOYMENT DISCRIMINATION;**
**PETITION FOR WRITS OF MANDATE**

11

through 73, as though fully set forth herein.

75. Plaintiff GUERRERO has a liberty interest in choosing his field of employment, which is protected against state interference by Article 1, Section 7 of the California Constitution.

76. By denying Plaintiff GUERRERO the ability to be considered for the Correctional Officer position and refusing to provide Plaintiff GUERRERO with a formal evidentiary hearing to appeal the CDCR decision, Defendants CDCR and SPB, acting under color of state law, completely deprived Plaintiff GUERRERO of the ability to engage in the profession of Correctional Officer, in violation of Article I, Section 7 of the California Constitution.

77. As a proximate result of these unlawful acts, Plaintiff GUERRERO suffered and continues to suffer irreparable injury.

78. Plaintiff GUERRERO is entitled to relief, including nominal damages, declaratory relief, injunctive relief, and his reasonable attorneys' fees and costs of suit.

### EIGHTH CLAIM FOR RELIEF
**Petition for Writ of Mandate**
**For Violation of California Constitutional Requirements for Due Process**
**[Cal. Code Civ. Proc. § 1094.5]**

79. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 78, as though fully set forth herein.

80. Plaintiff GUERRERO's eligibility for the Correctional Officer position is a statutorily conferred benefit triggering due process protections. As such, Plaintiff GUERRERO has a due process interest both in fair decision-making and in being treated with respect and dignity.

81. Plaintiff GUERRERO petitions this Court for a writ of mandate pursuant to California Code of Civil Procedure § 1094.5. Defendants' determination to prevent him from being placed on the eligibility list for the Correctional Officer position violated due process and was "a prejudicial abuse of discretion." *See* Cal. Code Civ. Proc. § 1094.5(b). By depriving him of this right without a fair hearing, SPB did not proceed in a manner required by law.

**COMPLAINT FOR EMPLOYMENT DISCRIMINATION;**
**PETITION FOR WRITS OF MANDATE**

82. As a proximate result, Plaintiff GUERRERO suffered and continues to suffer irreparable injury.

83. Plaintiff GUERRERO is entitled to relief, including declaratory relief, injunctive relief, nominal damages, and his reasonable attorneys' fees and costs of suit.

**NINTH CLAIM FOR RELIEF**
**Petition for Writ of Mandate**
**For the Unlawful Expansion of Legislation**
**[Cal. Code Civ. Proc. § 1085]**

84. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 83, as though fully set forth herein.

85. Plaintiff GUERRERO is interested in and affected by Defendants' policies and practices as alleged herein.

86. Both Defendant CDCR and SPB have a clear, present and ministerial duty to act in a manner consistent with applicable state law and to cease any policies and practices that conflict with state law. Defendants have the ability to perform its duty by complying with state law requirements.

87. Defendant SPB engaged in a ministerial duty, a quasi-legislative promulgation of SPB Rule 172 pursuant to California Government Code § 18935.

88. Respondent-Defendant SPB's promulgation of SPB Rule 172 unlawfully expanded the scope of California Government Code § 18935.

89. SPB Rule 172 purports to allow the SPB to disqualify Plaintiff GUERRERO from state employment for conduct less severe than the Legislature intended.

90. Plaintiff GUERRERO has no plain, speedy and adequate remedy at law in the ordinary course of law. Therefore, he is entitled to a writ of mandate pursuant to California Code of Civil Procedure § 1085 to compel Respondents-Defendants to comply with its statutory duty.

Plaintiff GUERRERO is entitled to relief, including declaratory relief, injunctive relief, and his reasonable attorneys' fees and costs of suit.

**COMPLAINT FOR EMPLOYMENT DISCRIMINATION;**
**PETITION FOR WRITS OF MANDATE**

13

## TENTH CLAIM FOR RELIEF
### Petition for Writ of Mandate
### For Violation of Federal and State Statutory Anti-Discrimination Laws
### [Cal. Code Civ. Proc. § 1094.5]

91. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 91, as though fully set forth herein.

92. Plaintiff GUERRERO petitions this Court for a writ of mandate pursuant to California Code of Civil Procedure § 1094.5. Defendants' determination to decertify him from the eligibility list was "a prejudicial abuse of discretion." *See* Cal. Code Civ. Proc. 1094.5(b). Defendants discriminated against Plaintiff GUERRERO in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2; FEHA, Cal. Gov't Code § 12940(a); the Fourteenth Amendment of the United States Constitution, California Constitution Art. I, § 7, and California Government Code § 11135. As a result, Defendants did not proceed in a manner required by law. Alternatively, Defendants' reliance on SPB Rule 172 to disqualify Plaintiff GUERRERO was a misapplication of state law.

93. As a proximate result of these unlawful acts, Plaintiff GUERRERO suffered and continues to suffer irreparable injury.

94. Plaintiff GUERRERO has exhausted all available administrative remedies as set forth above.

95. Plaintiff GUERRERO has no plain, speedy, and adequate remedy in the ordinary course of law.

96. Plaintiff GUERRERO is entitled to relief, including declaratory relief, injunctive relief, and his reasonable attorneys' fees and costs of suit.

## DECLARATORY RELIEF ALLEGATIONS

97. Plaintiff incorporates by reference the allegations in Paragraphs 1 through 87, as though fully set forth herein.

98. A present and actual controversy exists between Plaintiff GUERRERO and Defendants concerning their rights and respective duties. Plaintiff GUERRERO contends that

**COMPLAINT FOR EMPLOYMENT DISCRIMINATION;
PETITION FOR WRITS OF MANDATE**

1  Defendants violated his rights under Title VII, FEHA, California Government Code § 11135, the
2  Fourteenth Amendment of the United States Constitution, and California Constitution Art. 1, § 7.
3  Plaintiff is informed and believes and thereon alleges that the Defendants deny these allegations.
4  Declaratory relief is therefore necessary and appropriate.

5     99.   Plaintiff GUERRERO seeks a judicial declaration of the rights and duties of the
6  respective parties.

## INJUNCTIVE RELIEF ALLEGATIONS

8     100.   Plaintiff incorporates by reference the allegations in Paragraphs 1 through 90, as
9  though fully set forth herein.

10    101.   No plain, adequate, or complete remedy at law is available to Plaintiff GUERRERO
11 to redress the wrongs addressed herein.

12    102.   If this Court does not grant the injunctive relief sought herein, Plaintiff
13 GUERRERO will be irreparably harmed.

## PRAYER FOR RELIEF

15    WHEREFORE, Plaintiff prays for relief as follows:

16    1.   For a declaration that Defendants' actions, policies, and practices as alleged herein
17 are unlawful;

18    2.   For judgment and issuance of a writ of mandate pursuant to California Code of Civil
19 Procedure § 1085 barring Defendants from disqualifying applicants from state employment based
20 on their prior use of an SSN other than their own;

21    3.   For judgment and issuance of a writ of mandate pursuant to California Code of Civil
22 Procedure § 1085 directing Defendants to discontinue their unlawful policy and practice of relying
23 on SPB Rule 172 to disqualify applicants who used an SSN other than their own in the past;

24    4.   For judgment and issuance of a writ of mandate pursuant to California Code of Civil
25 Procedure § 1094.5 directing Respondents to set aside their decisions dated August 21, 2012, and
26 October 21, 2013, disqualifying Plaintiff GUERRERO as a candidate for the position of
27 Correctional Officer, and to restore him to eligibility for that position, or to show cause why a writ

28 **COMPLAINT FOR EMPLOYMENT DISCRIMINATION;**
**PETITION FOR WRITS OF MANDATE**

of administrative mandate to the same effect should not be issued;

  5. For an order requiring Defendants to notify their personnel, investigators, administrative law judges, and hearing officers about the prevalent use of SSNs other than their own among immigrant workers and the discriminatory impact a policy barring applicants from state employment based on their prior use of an SSN other than their own would have on Latinos.

  6. For compensatory damages for Plaintiff's emotional pain and suffering, in an amount to be proven at trial;

  7. For punitive damages, in an amount to be proven at trial;

  8. For interest on damages, including pre- and post-judgment interest and an upward adjustment for inflation;

  9. For an order enjoining Defendants from engaging in the unlawful acts complained of herein;

  10. For reasonable attorneys' fees and costs of suit pursuant to 42 U.S.C. § 1988(b), 42 U.S.C. § 2000e-5(k), California Government Code § 12965(b), California Code of Civil Procedure §1 021.5, and other laws;

  11. For such other and further relief as this Court deems just and proper.

Dated: December 9, 2013    Respectfully submitted,

            Marsha J. Chien
            Christopher Ho
            THE LEGAL AID SOCIETY --
             EMPLOYMENT LAW CENTER

           By: /s/ Marsha Chien
            MARSHA J. CHIEN

            Attorneys for Plaintiff and Petitioner
            VICTOR GUERRERO

**COMPLAINT FOR EMPLOYMENT DISCRIMINATION;**
**PETITION FOR WRITS OF MANDATE**

**DEMAND FOR JURY TRIAL**

Plaintiff GUERRERO demands a trial by jury for his First and Second Claims for Relief as provided by Rule 38 of the Federal Rules of Civil Procedure.

Dated:  December 9, 2013        Marsha J. Chien
                                Christopher Ho
                                THE LEGAL AID SOCIETY --
                                    EMPLOYMENT LAW CENTER


                                By:   /s/ Marsha J. Chien
                                      MARSHA J. CHIEN

                                Attorneys for Plaintiff and Petitioner
                                VICTOR GUERRERO

COMPLAINT FOR EMPLOYMENT DISCRIMINATION;
PETITION FOR WRITS OF MANDATE

17

**VERIFICATION**

I, MARSHA CHIEN, declare:

1. I am an attorney at law duly admitted and licensed to practice before all courts of this State.

2. I have my professional office at 180 Montgomery Street, Suite 600, San Francisco, California 94104.

3. I am one of the attorneys of record for Victor Guerrero, Plaintiff in this action.

4. The Plaintiff is absent from the county in which I have my office.

5. For that reason, I am making this verification on his behalf.

6. I have read the foregoing Petition for Writ of Mandate and Complaint and know the contents thereof.

7. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this verification was executed at San Francisco, California, on December 9, 2013.

           /s/ Marsh J. Chien
           MARSHA J. CHIEN

**COMPLAINT FOR EMPLOYMENT DISCRIMINATION;
PETITION FOR WRITS OF MANDATE**

18