IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

VICTOR GUERRERO,

    Plaintiff,

v.

CALIFORNIA DEPARTMENT OF CORRECTIONS & REHABILITATION; STATE PERSONNEL BOARD; and in their official capacities JEFFREY BEARD, Secretary of the California Department of Corrections and Rehabilitation; SUZANNE AMBROSE, Executive Officer of State Personnel Board; K. CARROLL, Lieutenant; D. SHARP, Sergeant; BARBARA LEASHORE, Hearing Officer; C. Hester, Lieutenant, V. MAYOL, Lieutenant; S. COX, Lieutenant; V. MYERS, Sergeant,

    Defendants.

No. C 13-05671 WHA

**REQUEST RE UPCOMING HEARING**

Both sides are hereby requested to be prepared to discuss the following issues at the May 1 motion hearing:

    1.    Whether plaintiff's state-law claims are barred by the Eleventh Amendment. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984); *accord Rohnert Park Citizens to Enforce CEQA v. Cal. DOT*, 2008 U.S. Dist. LEXIS 41004, at *5–6 (N.D. Cal. May 20, 2008) (Judge Thelton Henderson). If defendants CDCR and/or SPB wish to affirmatively waive Eleventh Amendment immunity, counsel for CDCR and/or SPB are requested to submit a sworn

declaration stating so by **5 P.M. ON WEDNESDAY, APRIL 30.** *Katz v. Regents of the Univ. of Cal.*, 229 F.3d 831, 834 (9th Cir. 2000).

2. Whether *Al-Kidd v. Ashcroft*, 580 F.3d 949, 974 (9th Cir. 2009), *rev'd on other grounds sub nom. Ashcroft v. Al-Kidd*, 131 S. Ct. 2074 (2011), allows plaintiff to give defendants only "fair notice" of his Title VII claim, rather than require him to plead with factual particularity.

3. Whether plaintiff's substantive due process claim is subsumed by his equal protection claim under *Albright v. Oliver*, 510 U.S. 266, 273 (1994). *See, e.g., Wilkins v. County of Alameda*, 2012 U.S. Dist. LEXIS 91645, at 11–12 (N.D. Cal. June 28, 2012) (Judge Lucy Koh).

4. Whether plaintiff's Section 1983 claim is barred by the statute of limitations.

**IT IS SO ORDERED.**

Dated: April 29, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE