IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR GUERRERO,<br><br>    Plaintiff,<br><br>  v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION; STATE PERSONNEL BOARD; and, in their official capacities, JEFFREY BEARD, Secretary of the California Department of Corrections and Rehabilitation; SUZANNE AMBROSE, Executive Officer of State Personnel Board; K. CARROLL, Lieutenant; D. SHARP, Sergeant; BARBARA LEASHORE, Hearing Officer; C. HESTER, Lieutenant; V. MAYOL, Lieutenant; S. COX, Lieutenant; V. MYERS, Sergeant; JOHN (or JANE) DOES 1-100, all of whose true names are unknown,<br><br>    Defendants.<br>_____/ | No. C 13-05671 WHA<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT AND VACATING HEARING** |

**INTRODUCTION**

In this employment-discrimination action, plaintiff moves for leave to file a third amended complaint. For the reasons stated herein, the motion is **GRANTED**. The November 20 hearing is hereby **VACATED**.

**STATEMENT**

Prior orders recounted the history of this action so it will not be repeated herein (Dkt. Nos. 52, 104). In short, plaintiff Victor Guerrero, identified as Latino, applied to be a correctional officer with defendant California Department of Corrections and Rehabilitation ("CDCR"). On his questionnaire, he admitted to previously using a false social security number.

As a result, he was withheld from the list of eligible candidates, a decision he appealed to defendant State Personnel Board ("SPB").  CDCR's decision was affirmed by SPB.  He then applied again and was withheld again.  He commenced this lawsuit in December 2013.

A May 2014 order, *inter alia*, granted CDCR's motion to dismiss the equal protection claim and granted SPB's motion to dismiss the Title VII claim.  A July 2014 order then denied without prejudice plaintiff's motion for leave to file a third amended complaint to allow both sides the benefit of discovery.  A September 2014 order denied two motions for summary judgment (Dkt. Nos. 52, 79, 104).

The operative pleading alleges a procedural due process claim against CDCR and SPB, and a Title VII claim against CDCR.  The proposed third amended complaint seeks to add a Title VII claim against SPB and an equal protection claim against CDCR and SPB.  Fact discovery closes in January 2015 and trial begins in May 2015.

**ANALYSIS**

The original deadline for seeking pleading amendments was in May 2014 (Dkt. No. 40). Plaintiff must thus demonstrate "good cause" for the amendment, pursuant to Rule 16(b). The proposed amendment should be denied if it prejudices the opposing party, is sought in bad faith, produces an undue delay, or is futile.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992).

**1.  GOOD CAUSE.**

Mr. Guerrero has been diligent in pursuing the proposed claims and there is no evidence of undue delay, prejudice, or bad faith.  When Mr. Guerrero commenced this action in December 2013, the complaint alleged, *inter alia*, equal protection and Title VII claims.  Those claims (and others) were dismissed in May 2014.  On May 29, plaintiff moved for leave to amend those claims.  The motion was denied without prejudice and plaintiff was given until September 30 to file a renewed motion so that both sides would have the benefit of some discovery.  Mr. Guerrero timely filed the instant motion.  Accordingly, this order finds good cause to modify the schedule for the proposed amendment (Dkt. Nos. 1, 52, 79, 85).

The central dispute raised herein is whether it would be futile to add a Title VII claim against SPB and/or an equal protection claim against CDCR and SPB. Both proposed claims are addressed below.

### 2. TITLE VII AGAINST SPB.

An entity that is not the direct employer of a plaintiff may nevertheless be liable under Title VII if it "interfered with the employee's relationship" or "had some peculiar control over the employee's relationship with the direct employer." *Anderson v. Pacific Maritime Association*, 336 F.3d 924, 931–32 (9th Cir. 2003).

In the oft-cited decision, *Sibley Memorial Hospital v. Wilson*, 488 F.2d 1338, 1342 (D.C. Cir. 1973), a male nurse sued a private nonprofit hospital under Title VII, even though the nurse worked for the patients pursuant to an arrangement whereby patients would request services via a nursing registry. Title VII was read expansively to prohibit unlawful discrimination beyond the confines of "direct employment." The District of Columbia Circuit stated that because the hospital controlled the premises and blocked access to patients on at least two occasions, it brought itself "within the strictures of Title VII." Procedurally, however, the trial court erred in *sua sponte* granting summary judgment for the plaintiff when the defendant had not yet answered the complaint and no oral argument was heard. *Id*. at 1344.

In *Anderson*, our court of appeals held that a nonprofit association of shipping companies was not liable for discrimination under Title VII. 336 F.3d at 925–27, 932. The nonprofit association had no direct role in resolving grievances and its involvement was "too attenuated" to constitute "interference" with the employment relationship.

In his second amended complaint, Mr. Guerrero alleged that question number 75 on CDCR's questionnaire had a disproportionate impact on Latinos. In May 2014, the Title VII claim against SPB was dismissed because the second amended complaint sought money from SPB for only performing its state function. The Title VII claim against CDCR remains scheduled for trial.

Now, the proposed third amended complaint seeks to re-introduce a Title VII claim against SPB, alleging that SPB promulgated the rule used by CDCR to disqualify Mr. Guerrero,

3

1  SPB was "directly involved in" CDCR's selection procedures, and "retained authority over
2  CDCR's selection process." SPB also allegedly upheld CDCR's use of question number 75 to
3  disqualify Mr. Guerrero and allegedly failed to exercise sufficient oversight over CDCR's
4  employment practices. Mr. Guerrero further argues that complete relief cannot be afforded
5  without joinder of SPB because he seeks, in pertinent part, injunctive relief within the purview of
6  SPB (Third Amd. Compl. ¶¶ 34–35, 38–39, 42–43, 45, 74, 76–78).

7  SPB does not dispute that it was tasked with "enforcing the civil service statutes,"
8  "provid[ing] guidance to state agencies and departments in administering the civil service laws,"
9  "reviewing disciplinary actions," hearing appeals," and "review[ing] a particular department's
10  examination or hiring practices" (Opp. 3–4). SPB instead argues that Mr. Guerrero has not
11  alleged facts showing that SPB is responsible for "every hiring decision" by CDCR.

12  SPB's narrow view of liability under Title VII is unpersuasive at this juncture. The new
13  allegations suffice to state a Title VII claim against SPB. It, of course, remains to be seen
14  whether this claim would survive trial on the merits. Nevertheless, plaintiff's motion for leave to
15  add a Title VII claim against SPB is **GRANTED**.

16      **3.  EQUAL PROTECTION.**

17  "Plaintiffs may prevail on their equal protection claim by showing that a class that is
18  similarly situated has been treated disparately." *Arizona Dream Act Coalition v. Brewer*, 757
19  F.3d 1053, 1063–65 (9th Cir. 2014) (internal quotation marks omitted). When rational basis
20  review applies, the disparate treatment must be "rationally related to a legitimate state interest."
21  "[A] classification must be upheld against [an] equal protection challenge if there is any
22  reasonably conceivable state of facts that could provide a rational basis for the classification."
23  *Heller v. Doe*, 509 U.S. 312, 320 (1993) (internal quotation marks omitted). (To be clear, this is
24  not a class action or putative class action. This individual dispute concerns class treatment in the
25  equal protection context.)

26  The equal protection claim in the second amended complaint was dismissed in May 2014,
27  because the allegations therein were highly conclusory. Now, the proposed third amended
28  complaint seeks to re-introduce an equal protection claim after some discovery has been taken.

4

The third amended complaint alleges that defendants treated individuals who once used a false social security number for the purpose of obtaining and maintaining employment, differently than those similarly situated, without any rational basis. Alternatively, the pleading alleges that defendants treated those who "recently" used a false social security number, differently without any rational basis. The pleading further alleges that defendants' policy and/or practice of disqualifying individuals who once used a false social security number is not rationally related to a legitimate state interest (Third Amd. Compl. ¶¶ 82–87). Defendants argue that adding an equal protection claim would be futile for two reasons. Neither reason is persuasive.

*First*, defendants argue that Mr. Guerrero's claim is barred by *Engquist v. Oregon Department of Agriculture*, 553 U.S. 591, 607 (2008), which held that the "class-of-one" theory of equal protection has no application in the public employment context. In other words, defendants contend that Mr. Guerrero's claim must be only a class-of-one claim, which necessarily fails. Not so — it would be premature at this juncture to so conclude.

In *Engquist*, the plaintiff alleged that the defendants discriminated against her on the basis of race, sex, and national origin, and she also brought a "class-of-one" claim alleging that she was fired for arbitrary, vindictive, and malicious reasons. At trial, the jury rejected the plaintiff's claim of discrimination for membership in a suspect class but found in favor of plaintiff on the class-of-one claim. Our court of appeals reversed in part, concluding that the class-of-one theory of equal protection did not extend to the public employment context. The Supreme Court affirmed. *Id*. at 595–96, 609.

Here, however, it is not readily apparent that Mr. Guerrero's class-based equal protection claim fails. His proposed pleading alleges a class of similarly situated individuals that were allegedly treated disparately without any rational basis. Certainly, these allegations are without prejudice to defendants prevailing at trial on the merits.

*Second*, defendants argue that their actions pass muster under rational basis review. On this point, both sides would benefit from further development of the record and triable issues remain. Accordingly, plaintiff's motion for leave to add an equal protection claim is **GRANTED**.

5

## CONCLUSION

For the reasons stated herein, plaintiff's motion is **GRANTED**. Plaintiff shall file the third amended complaint by **NOVEMBER 3**. Defendants have until **NOVEMBER 17, 2014**, to file their answers. The November 20 hearing is hereby **VACATED**. All existing deadlines remain in place, including the May 11, 2015, trial date.

**IT IS SO ORDERED.**

Dated: October 29, 2014.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

6