IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

VICTOR GUERRERO,

    Plaintiff,

v.

CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION; STATE PERSONNEL BOARD; et al.,

    Defendants.

No. C 13-05671 WHA

**TENTATIVE ORDER RE OBJECTIONS TO FRCP 26 DISCLOSURES**

Each side has until **MAY 4 AT NOON**, to file specific objections to this tentative order regarding objections to FRCP 26 disclosures. Each side's submission shall **NOT EXCEED ONE PAGE**.

### GUERRERO'S OBJECTIONS

1. Guerrero objects to the disclosure of plaintiff's counsel Attorney Christopher Ho as a trial witness regarding his summary of applicant files. Defendants respond that they do not intend to call Attorney Ho (and have not subpoenaed him) but do intend to use his summary of the applicant files (which was filed in the summary judgment record).

    This objection is **SUSTAINED**. Again, counsel's summary filed in the summary judgment record is *not part of the trial record*. The parties may, however, meet-and-confer to see if they can stipulate to a summary of pertinent applicant files. CDCR should not call plaintiff's trial counsel as a witness at trial.

2. Guerrero objects to the disclosure of Beverly Bueno to testify about CDCR's annual workforce analysis report and the racial make-up of the work force. Guerrero contends that none of her testimony is relevant under *Connecticut v. Teal*, 457 U.S. 440, 442 (1982),

which held that "bottom-line" statistics do not preclude a plaintiff from establishing a *prima facie* case under Title VII.

This objection is **OVERRULED**. This is without prejudice to other specific objections at trial.

3. Guerrero objects to the disclosure of Kimberli Alexander, Ceclia Campos, Madhavi Annavajjyal, and J.R. Antablian to testify about CDCR's academy completion rates. Guerrero contends that none of their testimony is "relevant to the issues germane to this action."

This objection is **OVERRULED**. CDCR, however, should please remember the trial time limits. Four witnesses to testify about CDCR's academy completion rates is likely too much. This ruling is without prejudice to other specific objections at trial.

4. Guerrero objects to the disclosure of Joleen Martin to testify about SPB's budget and costs. Guerrero contends that her testimony is only relevant to the dismissed procedural due process claim. SPB did not respond to Guerrero's objection.

This objection is **SUSTAINED**. The due process claim has been dismissed.

### CDCR'S OBJECTIONS

5. CDCR objects to Guerrero's amended FRCP 26 disclosures which state that CDCR's counsel Attorneys Fiel Tigno and Christopher Young may be called to authenticate documents. CDCR represents that it does not have one person as a "custodian of records."

This objection is **SUSTAINED**. Trial counsel should not be called to authenticate documents. Both sides shall promptly meet-and-confer to see if they can fully resolve all their authentication issues.

6. CDCR's specific objections to specific exhibits should be timely renewed at trial. We will deal with each proffered exhibit at that time.

**IT IS SO ORDERED.**

Dated:  April 30, 2015.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2