IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

VICTOR GUERRERO,

    Plaintiff,

v.

CALIFORNIA DEPARTMENT OF
CORRECTIONS AND REHABILITATION;
STATE PERSONNEL BOARD; et al.,

    Defendants.

No. C 13-05671 WHA

**ORDER REGARDING FORMAT OF PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW AFTER BENCH TRIAL**

By **JUNE 26, 2015 AT NOON**, all sides shall file and serve by email proposed findings of fact, each identified by number. Each proposed finding should be concise and limited to one or two or (at most) three lines of text (exclusive of any block quotes from trial exhibits) followed by exact trial record cites fully supporting the proposed finding. The proposals should be at a level of specificity/generality so as to fit within the page limit set forth below. As a rule of thumb, less controverted subjects may be captured in more generalized proposed findings; more controversial subjects, however, usually require greater specificity and more proposed findings. Block quotes and record cites may be single-spaced (and indented) but otherwise the proposals should be double-spaced. Example:

> 1. When defendant went through the intersection of Hayes and Gough, the light was red in his direction.
>
>     Jones at RT 97:1–3
>     Young at RT 15:11–12

The same submission should also set forth each proposed conclusion of law. Each proposed conclusion of law must briefly identify the proposed findings of fact supporting the

conclusion *and* the legal authority therefor (quoting the key language of said authority). The overall length of the submission must be **TWENTY-FIVE PAGES OR LESS**.

By **JULY 13 AT NOON**, the opposing side must file and serve by email a response. The response must state, separately as to each proposed finding, whether the responding party agrees with the proposed finding and if not in full agreement, then the full extent to which, considering the duty of good faith and candor, the responding party admits the proposed finding. To the extent that the responding side objects in any respect to the proposed finding, it must state (i) the extent to which the opposition is based on a failure of the record cites to support the proposal (explaining why they do not support it) and (ii) the extent to which the objection is based on contrary evidence (citing the contrary evidence) or lack of credibility (citing relevant evidence). Example:

> 1. Agree that the light was red but the light had just changed a split second before.
>
> Mack RT 42:17–18

The submission shall similarly state the extent to which the responding party agrees with each conclusion of law proposed by the other side. If there is any disagreement, the responding side must state (i) the extent to which the disagreement is based on a failure of the supporting findings, (ii) the extent to which the disagreement is based on a failure of the cited authorities to support the conclusion, and (iii) the extent to which contrary authorities contradict the legal basis for the proposed conclusion.

The responding submission should reproduce each original finding or conclusion and then, immediately after each, supply the responsive information. It may not exceed twice the overall number of pages used by the submission to which it responds.

Please do not ask for an extension.

**IT IS SO ORDERED.**

Dated: June 22, 2015.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE