IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR GUERRERO,<br><br>    Plaintiff,<br><br>  v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION; STATE PERSONNEL BOARD,<br><br>    Defendants.<br>                                                  / | No. C 13-05671 WHA<br><br>**ORDER APPOINTING ATTORNEY CHRISTINA CHEN AS SPECIAL MASTER AND SETTING SCHEDULE FOR REPORT AND RECOMMENDATION** |

In this satellite litigation over attorney's fees and expenses, **ATTORNEY CHRISTINA CHEN IS HEREBY APPOINTED AS A SPECIAL MASTER**.

\*                    \*                    \*

In July 2015, defendants California Department of Corrections and Rehabilitation and the California State Personnel Board were found, following a bench trial, to have violated Title VII in regards to plaintiff Victor Guerrero's employment. Plaintiff's counsel then filed a motion for attorney's fees and expenses. In response to plaintiff's motion, defendants conceded entitlement to attorney's fees, but objected to plaintiff's counsel's requested amount. An order then issued stating that the Court would select a special master to determine the fees and expenses to be awarded. The order affirmed that the special master would have all the powers set forth in Rules 53(c) and 54(d)(2)(D) and would prepare and file a report on recommended findings and amount.

The parties were given adequate notice and an opportunity to be heard on the appointment of a special master and the special master's procedure. No objection to the appointment of a special master was made. The parties were then given an opportunity to suggest candidates, but they were unable to agree on a special master. A prior order proposed Attorney Chen, requested that the parties convene a phone conference with Attorney Chen to discuss any potential conflicts, and provided an opportunity to make objections. No objections were made to the appointment of Attorney Chen, who graciously agreed to cap her hourly rate to $200 per hour as a service to the Court and to save the parties expense.

Accordingly, the following is hereby ordered:

1. **ATTORNEY CHRISTINA CHEN IS HEREBY APPOINTED AS A SPECIAL MASTER** pursuant to the Court's discretion under Rules 53 and 54. By **NOON ON FEBRUARY 25, 2016**, Attorney Chen shall file a signed declaration undertaking the appointment and reference. The declaration shall: (1) disclose whether there is any ground for disqualification under 28 U.S.C. 455; (2) agree to the role of special master in this action; (3) agree to file a written report and recommendation regarding attorney's fees and expenses; (4) identify Attorney Chen's contact information for submissions from the parties; and (5) agree to cap her hourly rate to $200 per hour.

2. Attorney Chen shall not revisit prior rulings in this case. She shall have all powers set forth in Rules 53(c) and 54(d)(2)(D). She shall review relevant papers, consider the parties' arguments, and determine a reasonable amount to award. She shall have discretion, if necessary, to allow relevant discovery and/or oral argument. The special master shall file and promptly serve a copy of all of the special master's orders on the parties.

3. By **NOON ON FEBRUARY 29**, **2016**, the parties herein shall provide the special master with copies of all motion papers and other documents relevant to the dispute. The papers shall be mailed in a binder with tabs. An electronic text-searchable copy of all documents shall be included as well. Spreadsheets shall be produced in their native format (*e.g.*, Microsoft Excel) so that line items can be reviewed and calculated. Absent any supplementation or hearing allowed by the special master, the record is complete; no further

1  submissions shall be made.  The parties shall retain and preserve all communications with the
2  special master.  If requested, the parties are responsible for arranging reporters to transcribe oral
3  argument and/or communications with the special master.  The reporter's expenses shall be split
4  in the same proportions as the fees and expenses of the special master.

   4. By **APRIL 29, 2016**, the special master shall file a written report and recommendation.  The report shall recommend an award of attorney's fees and expenses, as well as state all proposed findings.  The report shall also recommend how to allocate all the special master's expenses and fees (and the reporter's fees).  All objections to or motions regarding the special master's report and recommendation must be filed by **NOON ON MAY 12, 2016**, to be noticed for a hearing on the normal 35-day track.  The objection or motion shall not exceed ten pages.  The objecting party must file a declaration submitting a complete appendix of all relevant communications with the special master.  The response is due **SEVEN CALENDAR DAYS** from the filing of the objection and shall not exceed ten pages.  No reply briefing, please.

   5. The Court will then review any timely objections to the special master's report and recommendation according to the standards of review outlined in Rule 53(f)(3–5).  An order regarding attorney's fees and expenses will follow.

   6. Ex parte communications with the special master should be avoided if possible.  Any objection to an ex parte communication or motion to disqualify must be filed within seven calendar days of discovery.

   7. Any proposed modification to this order must be promptly made in a joint letter brief (not to exceed three pages) filed after the parties have met-and-conferred (in person or telephonically) under the supervision of the special master.

   **IT IS SO ORDERED.**

   Dated: February 22, 2016.

   WILLIAM ALSUP
   UNITED STATES DISTRICT JUDGE