IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR GUERRERO,<br><br>  Plaintiff,<br><br>  v.<br><br>CALIFORNIA DEPARTMENT OF<br>CORRECTIONS AND REHABILITATION;<br>STATE PERSONNEL BOARD,<br><br>  Defendants.<br>  / | No. C 13-05671 WHA<br><br>**ORDER RESOLVING<br>OBJECTIONS, ADOPTING<br>SPECIAL MASTER'S<br>REPORT AND<br>RECOMMENDATION WITH<br>ONE MODIFICATION, AND<br>FIXING COMPENSATION** |

**INTRODUCTION**

In this Title VII challenge, plaintiff moved for attorney's fees and expenses. A prior order held that plaintiff was entitled to a reasonable amount of attorney's fees and costs based on his victory (Dkt. No. 313). The special master then issued a report and recommendation regarding the amount of the award. This order resolves the pending objections and adopts the special master's report and recommendation with one modification.

**STATEMENT**

The history of this action has been summarized in prior orders and will not be repeated herein (Dkt. No. 277). In short, after a six-day bench trial, an order found that defendants had violated Title VII by discriminating against plaintiff, a Latino job applicant, based on his previous use of an invalid social security number. Plaintiff filed his motion for attorney's fees and expenses on October 30, 2015 (Dkt. 296). An order appointed Attorney Christina Chen as the special master under Rules 53 and 54.

The special master reviewed the parties' submissions and allowed supplemental submissions. The special master then filed a 73-page report regarding attorney's fees and expenses (Dkt. No. 352).

In short, plaintiff sought $1,621,776.15 in attorney's fees (including fees on fees), $22,469.61 in statutory costs, and $145,972.86 in non-statutory litigation expenses. Defendants contended the attorney's fees should be reduced to $279,265. The special master recommended an award of $1,186,307.70 in attorney's fees, $20,569.01 in statutory costs, $145,972.86 in non-statutory litigation expenses, and $50,717.12 of fees-on-fees. This recommendation reflected a 15 percent reduction to the lodestar, which the report concluded was appropriate given that plaintiff had achieved "good — but not excellent — overall results when viewed in relation to the 3,000+ hours claimed" (*id.* at 1-2, 62).

The special master submitted an invoice for her fees and recommended a 50-50 allocation of her fees between defendants and plaintiff. The report also recommended staying any award of reasonable attorney's fees, costs, and expenses until after all appeals had been exhausted.

On May 12, 2016, the California Department of Corrections and Rehabilitation (CDCR) moved to modify the special master's recommendation. The California State Personnel Board (SPB) and plaintiff lodged objections.

**ANALYSIS**

**1.    DEFENDANTS' OBJECTIONS.**

Defendants object to the recommended 15 percent reduction of the lodestar, arguing a further reduction is warranted. Defendants assert that a 35 percent reduction is warranted due to plaintiff's limited success.

*First*, defendants argue that a further reduction is warranted because plaintiff could have obtained the same individual relief in state court. In response, plaintiff argues that defendants failed to properly raise this argument in their original oppositions to plaintiff's motion for

1  attorney's fees, thereby forfeiting this argument. This order agrees.[1] Furthermore, CDCR
2  proffers no authority for the conclusion that a fee reduction is appropriate because plaintiff
3  could have obtained the same relief in state court. Moreover, the assertion is speculative;
4  ascertaining whether plaintiff could have obtained the same relief in state court is beyond the
5  purview of this motion. This objection is therefore **OVERRULED**.

6  *Second*, defendants argue a further reduction is warranted because the success achieved
7  by plaintiff was limited in comparison to the scope of the litigation as a whole. The report
8  acknowledged that reaching a fair and appropriate percentage for the lodestar reduction here
9  was "tricky" (Dkt. 352 at 65). The report concluded that a 15 percent reduction was warranted
10 because plaintiff obtained "make-whole equitable relief" but not "broad systemic reforms." The
11 report noted the absence of on-point case law for our situation. Nonetheless, the recommended
12 reduction is appropriate given other holdings in our Circuit (*id.* at 61-64). This order finds the
13 special master's recommendation reasonable. Defendants' objection is **OVERRULED**.

14 *Third*, SPB objects to the special master's conclusion that the unsuccessful due process
15 claims were related to the successful Title VII claims. SPB's arguments, however, are
16 unpersuasive. Prior orders on the Title VII claim made specific findings related to the process
17 SPB provided to plaintiff. For example, an order concluded that SPB had failed to individually
18 assess plaintiff's application or properly weigh all relevant factors (Dkt. 263). The Title VII
19 claim covered the same factual territory as the due process claim; the two claims were therefore
20 related. SPB's objection is **OVERRULED**.

21 SPB also objects to the fact that the report did not recommend the same apportionment
22 for expenses and costs as it did for attorney's fees. As to attorney's fees, the report
23 recommended an apportionment of 80 percent liability for CDCR and 20 percent liability for
24 SPB. This order concludes that the same apportionment of expenses and costs is appropriate.

---

[1] As part of its analysis as to the relatedness of plaintiff's successful and unsuccessful claims, CDCR asserted, in passing, that the same equitable relief would have been available to plaintiff through his petition for writ of mandate (Dkt. No. 310, p. 5). But CDCR did not raise this as a separate and distinct basis for a fee reduction. Defendants therefore did not properly raise this argument in proceedings before the special master.

3

1  This order holds that CDCR shall be 80 percent liable for expenses and costs and SPB shall be
2  20 percent liable.

**2.    PLAINTIFF'S OBJECTIONS.**

Plaintiff did not lodge formal objections as to the recommendation regarding attorney's fees. Rather, plaintiff stated that the report of the special master reflects an "eminently fair" and reasonable overall resolution of the fees owed plaintiff. As discussed below, however, plaintiff objects to the 50-50 apportionment of special master fees.

**3.    SPECIAL MASTER'S FEES AND EXPENSES.**

The special master billed 190 hours total and requested compensation for 110 hours, equaling $22,000 at $200 per hour. Neither side objected to the entries on her invoice. This order finds that the special master's fees and expenses are reasonable. Pursuant to Rule 53(g), the special master's compensation is hereby **FIXED**.

The special master proposed the following allocation for special master expenses: (1) 50 percent for plaintiff, (2) 25 percent for CDCR and (3) 25 percent for SPB (Dkt. No. 353).

Plaintiff objects to the recommended apportionment of special master fees. The recommendation is reasonable, however. The special master did not agree with plaintiff on every issue; plaintiff's positions played at least a partial role in the need for a special master's intervention. Plaintiff's objection is therefore **OVERRULED**.

Plaintiff alternatively asks that the cost award be amended to include plaintiff's portion of the special master's fees. A prior order specifically addressed this issue by stating that, if fees of the special master are allocated to plaintiff, the fees "shall be deducted from the attorney's fee award" (Dkt. No. 313 at 14). Plaintiff's request to allocate his portion of the special master fees as costs is therefore **DENIED**.

**4.    PLAINTIFF'S FURTHER REQUEST FOR FEES.**

Plaintiff makes a request for fees-on-fees-on-fees for the work of preparing a response to defendants' objections to the report of the special master (Dkt. No. 357). This order concludes that plaintiff played at least a partial role in the need for a special master and thus the post-

4

report briefing. This order declines to launch a further satellite to orbit this satellite litigation. Plaintiff's request for fees-on-fees-on-fees is **DENIED**.

**5.    STAY OF PAYMENT OF AWARD PENDING APPEAL.**

The report recommends staying any award of attorney's fees, costs, and expenses until after all appeals have been exhausted. Plaintiff does not object to this recommendation but asks the Court to clarify that only the payment of the award is stayed pending appeal but that the time within which defendants must appeal from the Court's order and/or amended judgment awarding fees and expenses begins to run from the date of its issuance. This issue is addressed below.

## CONCLUSION

For the reasons stated herein, all objections are hereby **OVERRULED**. The special master's report and recommendation is hereby **ADOPTED WITH ONE MODIFICATION**. As to expenses and costs, this order holds that CDCR shall be 80 percent liable and SPB shall be 20 percent liable.

Accordingly, plaintiff is hereby awarded $1,186,307.70 in attorney's fees, $20,569.01 in statutory costs, $145,972.86 non-statutory litigation expenses, and $50,717.12 of fees-on-fees. The special master's compensation of $22,000 is hereby **FIXED**.

Payment of this award is **STAYED** until all appeals are exhausted. This stay is limited to payment and does not affect any rights to appeal this order.

The parties shall promptly send payment to the special master as follows: (1) plaintiff shall send a check for 50 percent of the compensation ($11,000); (2) CDCR shall send a check for 25 percent of the compensation ($5,500); and (3) SPB shall send a check for 25 percent of the compensation ($5,500).

The Court extends its highest compliments and thanks to Attorney Christina Chen for her excellent service and for taking a reduced fee to be of service to the district court.

**IT IS SO ORDERED.**

Dated: June 16, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5