Christopher Ho, SBC No. 129845
Marisa Díaz, SBC No. 293072
LEGAL AID AT WORK
180 Montgomery Street, Suite 600
San Francisco, California 94104-4244
Telephone: (415) 864-8848
Facsimile: (415) 593-0096
Email: cho@legalaidatwork.org
mdiaz@legalaidatwork.org

Richard M. Pearl, SBC No. 46351
LAW OFFICES OF RICHARD M. PEARL
1816 Fifth Street
Berkeley, California 94710
Telephone: (510) 649-0810
Facsimile: (510) 548-3143
Email: rpearl@interx.net

Attorneys for Plaintiff

Miguel A. Neri SBC No. 132875
XAVIER BECERRA
ATTORNEY GENERAL OF THE STATE
OF CALIFORNIA
1515 Clay Street, 20th Floor
P.O. Box 70550
Oakland, CA 94612-0550
Telephone: (510) 879-0755
Facsimile: (510) 622-2270
E-mail:Miguel.Neri@doj.ca.gov

Attorneys for Defendant California
Department of Corrections and Rehabilitation

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR GUERRERO,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION; STATE PERSONNEL BOARD; et al.,<br><br>    Defendants. | Case No.: 3:13-CV-05671 WHA<br><br>**JOINT [PROPOSED] ORDER RE SETTLEMENT OF PLAINTIFF'S ATTORNEYS' FEES MOTIONS**<br>AS MODIFIED |

Based upon the record of this action, and for good cause shown, it is hereby ordered that:

.

The Court shall retain jurisdiction to enforce compliance with the terms of the Settlement Agreement and Release of Attorneys' Fees Claims until performance in full of the terms of the settlement.

**IT IS SO ORDERED.**

Dated: October 31, 2017

_____
WILLIAM ALSUP
UNITED STATES DISTRICT COURT JUDGE

{00513803.DOCX 2}  1  Case No. 3:13-CV-05671 WHA
JOINT [PROPOSED] ORDER RE SETTLEMENT OF PLAINTIFF'S ATTORNEYS' FEES MOTIONS

# EXHIBIT A

# SETTLEMENT AGREEMENT AND RELEASE OF ATTORNEYS' FEES CLAIMS

This Settlement Agreement and Release ("Agreement") is made by and between plaintiff and appellee Victor Guerrero ("Guerrero"), and defendant and appellant the California Department of Corrections and Rehabilitation ("CDCR," and jointly with Guerrero, the "Parties") by and through their counsel of record.

## RECITALS

**WHEREAS**, in or around December 2013, Guerrero filed a lawsuit in the U.S. District Court in and for the Northern District of California, Case No. C 13-05671 (the "Action"). The Action's allegations are more fully set forth in the pleadings and briefs filed in the Action.

**WHEREAS**, following a June 2015 bench trial, the District Court entered judgment in the Action in favor of Guerrero and against CDCR and co-defendant the State Personnel Board ("SPB").

**WHEREAS** Guerrero then filed a motion for attorneys' fees and statutory costs and a cost bill. After extensive litigation, the Court awarded Guerrero $1,186,307.70 in attorneys' fees, $20,569.01 in statutory costs, $145,972.86 non-statutory litigation expenses, and $50,717.12 of fees-on-fees.

**WHEREAS**, CDCR and SPB appealed the District Court's merits determination in Guerrero's favor and its award of fees and costs to Guerrero to the Ninth Circuit Court of Appeals, Appeal Nos. 15-17001, 15-17043, 16-16096 and 16-16098. Those appeals were subsequently consolidated.

**WHEREAS**, on or about July 12, 2017, the Court of Appeals reversed the District Court's liability judgment as to SPB, upheld the trial court's liability judgment as to CDCR, and remanded the matter for a further determination of the District Court's attorneys' fees award in light of the fact that SPB was no longer a defendant.

**WHEREAS**, after the matter was remanded to the District Court, the Parties agreed upon taxable and statutory costs due Guerrero of $133,000, which CDCR shall pay in addition to the attorneys' fees settlement amount set forth below, but which are not the subject of this Agreement.

**WHEREAS**, on or about September 6, 2017, Guerrero filed a motion for attorneys' fees in the Ninth Circuit Court of Appeals seeking attorneys' fees incurred as a result of CDCR's appeal of the District Court's merits and attorneys' fees determinations.

**WHEREAS**, the matter of attorneys' fees associated with obtaining the judgment, defending the judgments on appeal, and litigating fee issues with respect to CDCR in the District Court and Court of Appeals are outstanding.

WHEREAS, the Parties have concluded that it would be desirable and in the best interests of the Parties to settle all disputes between them over these pending fees.

NOW, THEREFORE, in exchange for the mutual covenants and promises contained herein and other good and valuable consideration the receipt of sufficiency of which is hereby acknowledged, the Parties agree as follows:

## AGREEMENT

In consideration of the covenants and agreements set forth herein, Guerrero and CDCR, through their respective undersigned counsel, agree to settle the pending attorneys' fees disputes, under the following terms and conditions:

**1. SETTLEMENT TERMS.**

**1.1. Effective Date.** The Effective Date of this Agreement shall be the date on which all Parties have executed this Agreement.

**1.2. Settlement Payment.** CDCR shall pay Guerrero's counsel an amount totaling One Million Three Hundred Thousand Dollars and No Cents ($1,300,000.00) in full and final resolution of the attorneys' fees Guerrero seeks from CDCR ("Payment") with respect to the Action and the appeal of the Action. The Payment shall be made to Legal Aid at Work Attorney-Client Trust Account within ninety (90) days of the Effective Date.

**1.3. Stipulated Order.** The Parties shall jointly file this Agreement with the District Court and stipulate to the District Court entering an order that incorporates and enters the terms of this Agreement as a post-judgment order for the payment of money and that will maintain the Court's jurisdiction over the Action to enforce the Agreement until performance in full of its terms. The order to which the Parties stipulate is attached as **Exhibit 1**.

**1.4. Release.** The Parties agree that the compromise represented by this Agreement and the Payment described in paragraph 1.2 fully and finally resolves all disputes between them as to the attorneys' fees related to the Action and CDCR's subsequent appeals arising out of the Action. Guerrero understands and agrees that the Payment is the sole compensation for attorneys' fees in the Action and CDCR's subsequent appeals and that CDCR is not responsible for, and does not assume, any tax obligations on the payment called for in this Agreement. Guerrero hereby releases and forever discharges Respondents, including their officers, directors, board members, commission members, trustees, agents, employees, representatives, attorneys, insurers, departments, divisions, sections, successors, and assigns, and each of them, from obligations, damages, costs, expenses, liens, and attorney fees of any nature whatsoever, whether known or unknown, suspected or not suspected to exist, claimed or not claimed, pertaining to the above-described attorneys' fees.
In making this release, Guerrero expressly waives any rights or benefits available to him under Section 1542 of the California Civil Code, which provides as follows:

**A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

This release and waiver of rights under California Civil Code section 1542 applies only to Guerrero's claim for, and entitlement to, attorneys' fees from the CDCR in the Action and its appeal, and shall not constitute a waiver of his other rights and/or claims against the CDCR.

    1.5.    <u>Cal. Gov. Code Section 949</u>. This Agreement, and the covenants and conditions herein, shall be subject to, and conditioned upon, satisfaction of the requirements set forth in Section 948 of the California Government Code and any other approvals required by rule or law or otherwise required to effectuate the terms and conditions of this agreement, including, but not limited to, approval by the Department of Finance. Guerrero and his attorneys further agree to prepare and return to CDCR all forms required by CDCR to complete the settlement payment.

2. **MISCELLANEOUS PROVISIONS**

    2.1.    <u>Inurement</u>. This Agreement shall be binding upon the heirs, successors, and assigns of the Parties.

    2.2.    <u>Voluntary Agreement</u>. The Parties each represent that they know and understand the contents of the Agreement and that this Agreement has been executed voluntarily. The Parties each further represent that they have had an opportunity to consult with an attorney of their own choosing and that they have been fully advised by the attorney with respect to their rights and obligations and with respect to the execution of this Agreement.

    2.3.    <u>Non-Assignment</u>. Each of the Parties represents and warrants that it or he, as the case may be, have not assigned, transferred, or purported to assign or transfer to any person or entity any matter released herein.

    2.4.    <u>Authorization</u>. Undersigned counsel represent and warrant that they have the authority to bind their respective clients (Plaintiff and Appellants) to this Agreement.

    2.5.    <u>Modifications Only in Writing</u>. It is expressly understood and agreed that this Agreement may not be altered, amended, modified, or otherwise changed in any respect whatsoever except by a writing duly executed by the Parties or by authorized representatives of the Parties. The Parties agree that they will make no claim at any time or place that this Agreement has been orally altered or modified or otherwise changed by oral communication of any kind or character.

    2.6    <u>Governing Law</u>. This Agreement shall be governed by the laws of the State of California, except that no party shall be deemed the drafting party or party causing an uncertainty under California Civil Code section 1654.

**2.7. Counterpart Originals.** This Agreement may be executed in two or more counterparts, each of which will be an original and all of which shall constitute a part of this Agreement.

VICTOR GUERRERO

DATED: October ___, 2017

_____
By: Christopher Ho

DATED: October 24, 2017

_____
By: Richard M. Pearl

CALIFORNIA DEPARTMENT OF
CORRECTIONS AND REHABILITATION

DATED: October ___, 2017

_____
By: Kenneth O'Nell
Authorized Agent and CDCR Attorney

# SETTLEMENT AGREEMENT AND RELEASE OF ATTORNEYS' FEES CLAIMS

This Settlement Agreement and Release ("Agreement") is made by and between plaintiff and appellee Victor Guerrero ("Guerrero"), and defendant and appellant the California Department of Corrections and Rehabilitation ("CDCR," and jointly with Guerrero, the "Parties") by and through their counsel of record.

## RECITALS

**WHEREAS**, in or around December 2013, Guerrero filed a lawsuit in the U.S. District Court in and for the Northern District of California, Case No. C 13-05671 (the "Action"). The Action's allegations are more fully set forth in the pleadings and briefs filed in the Action.

**WHEREAS**, following a June 2015 bench trial, the District Court entered judgment in the Action in favor of Guerrero and against CDCR and co-defendant the State Personnel Board ("SPB").

**WHEREAS** Guerrero then filed a motion for attorneys' fees and statutory costs and a cost bill. After extensive litigation, the Court awarded Guerrero $1,186,307.70 in attorneys' fees, $20,569.01 in statutory costs, $145,972.86 non-statutory litigation expenses, and $50,717.12 of fees-on-fees.

**WHEREAS**, CDCR and SPB appealed the District Court's merits determination in Guerrero's favor and its award of fees and costs to Guerrero to the Ninth Circuit Court of Appeals, Appeal Nos. 15-17001, 15-17043, 16-16096 and 16-16098. Those appeals were subsequently consolidated.

**WHEREAS**, on or about July 12, 2017, the Court of Appeals reversed the District Court's liability judgment as to SPB, upheld the trial court's liability judgment as to CDCR, and remanded the matter for a further determination of the District Court's attorneys' fees award in light of the fact that SPB was no longer a defendant.

**WHEREAS**, after the matter was remanded to the District Court, the Parties agreed upon taxable and statutory costs due Guerrero of $133,000, which CDCR shall pay in addition to the attorneys' fees settlement amount set forth below, but which are not the subject of this Agreement.

**WHEREAS**, on or about September 6, 2017, Guerrero filed a motion for attorneys' fees in the Ninth Circuit Court of Appeals seeking attorneys' fees incurred as a result of CDCR's appeal of the District Court's merits and attorneys' fees determinations.

**WHEREAS**, the matter of attorneys' fees associated with obtaining the judgment, defending the judgments on appeal, and litigating fee issues with respect to CDCR in the District Court and Court of Appeals are outstanding.

**WHEREAS**, the Parties have concluded that it would be desirable and in the best interests of the Parties to settle all disputes between them over these pending fees.

**NOW, THEREFORE**, in exchange for the mutual covenants and promises contained herein and other good and valuable consideration the receipt of sufficiency of which is hereby acknowledged, the Parties agree as follows:

## AGREEMENT

In consideration of the covenants and agreements set forth herein, Guerrero and CDCR, through their respective undersigned counsel, agree to settle the pending attorneys' fees disputes, under the following terms and conditions:

**1.    SETTLEMENT TERMS.**

**1.1.    Effective Date**.  The Effective Date of this Agreement shall be the date on which all Parties have executed this Agreement.

**1.2.    Settlement Payment**.  CDCR shall pay Guerrero's counsel an amount totaling One Million Three Hundred Thousand Dollars and No Cents ($1,300,000.00) in full and final resolution of the attorneys' fees Guerrero seeks from CDCR ("Payment") with respect to the Action and the appeal of the Action.  The Payment shall be made to Legal Aid at Work Attorney-Client Trust Account within ninety (90) days of the Effective Date.

**1.3.    Stipulated Order**.  The Parties shall jointly file this Agreement with the District Court and stipulate to the District Court entering an order that incorporates and enters the terms of this Agreement as a post-judgment order for the payment of money and that will maintain the Court's jurisdiction over the Action to enforce the Agreement until performance in full of its terms.  The order to which the Parties stipulate is attached as **Exhibit 1**.

**1.4.    Release**.  The Parties agree that the compromise represented by this Agreement and the Payment described in paragraph 1.2 fully and finally resolves all disputes between them as to the attorneys' fees related to the Action and CDCR's subsequent appeals arising out of the Action.  Guerrero understands and agrees that the Payment is the sole compensation for attorneys' fees in the Action and CDCR's subsequent appeals and that CDCR is not responsible for, and does not assume, any tax obligations on the payment called for in this Agreement.  Guerrero hereby releases and forever discharges Respondents, including their officers, directors, board members, commission members, trustees, agents, employees, representatives, attorneys, insurers, departments, divisions, sections, successors, and assigns, and each of them, from obligations, damages, costs, expenses, liens, and attorney fees of any nature whatsoever, whether known or unknown, suspected or not suspected to exist, claimed or not claimed, pertaining to the above-described attorneys' fees.
In making this release, Guerrero expressly waives any rights or benefits available to him under Section 1542 of the California Civil Code, which provides as follows:

**A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

This release and waiver of rights under California Civil Code section 1542 applies only to Guerrero's claim for, and entitlement to, attorneys' fees from the CDCR in the Action and its appeal, and shall not constitute a waiver of his other rights and/or claims against the CDCR.

    **1.5.** **Cal. Gov. Code Section 949**. This Agreement, and the covenants and conditions herein, shall be subject to, and conditioned upon, satisfaction of the requirements set forth in Section 948 of the California Government Code and any other approvals required by rule or law or otherwise required to effectuate the terms and conditions of this agreement, including, but not limited to, approval by the Department of Finance. Guerrero and his attorneys further agree to prepare and return to CDCR all forms required by CDCR to complete the settlement payment.

**2.**     **MISCELLANEOUS PROVISIONS**

    **2.1.** **Inurement**. This Agreement shall be binding upon the heirs, successors, and assigns of the Parties.

    **2.2.** **Voluntary Agreement**. The Parties each represent that they know and understand the contents of the Agreement and that this Agreement has been executed voluntarily. The Parties each further represent that they have had an opportunity to consult with an attorney of their own choosing and that they have been fully advised by the attorney with respect to their rights and obligations and with respect to the execution of this Agreement.

    **2.3.** **Non-Assignment**. Each of the Parties represents and warrants that it or he, as the case may be, have not assigned, transferred, or purported to assign or transfer to any person or entity any matter released herein.

    **2.4.** **Authorization**. Undersigned counsel represent and warrant that they have the authority to bind their respective clients (Plaintiff and Appellants) to this Agreement.

    **2.5.** **Modifications Only in Writing**. It is expressly understood and agreed that this Agreement may not be altered, amended, modified, or otherwise changed in any respect whatsoever except by a writing duly executed by the Parties or by authorized representatives of the Parties. The Parties agree that they will make no claim at any time or place that this Agreement has been orally altered or modified or otherwise changed by oral communication of any kind or character.

    **2.6** **Governing Law**. This Agreement shall be governed by the laws of the State of California, except that no party shall be deemed the drafting party or party causing an uncertainty under California Civil Code section 1654.

**2.7. Counterpart Originals**.  This Agreement may be executed in two or more counterparts, each of which will be an original and all of which shall constitute a part of this Agreement.

VICTOR GUERRERO

DATED:  October  24, 2017  _____
By: Christopher Ho

DATED:  October  ___, 2017  _____
By: Richard M. Pearl

CALIFORNIA DEPARTMENT OF
CORRECTIONS AND REHABILITATION

DATED:  October  ___, 2017  _____
By: Kenneth O'Nell
Authorized Agent and CDCR Attorney

**2.7. Counterpart Originals.** This Agreement may be executed in two or more counterparts, each of which will be an original and all of which shall constitute a part of this Agreement.

VICTOR GUERRERO

DATED: October ___, 2017

By: Christopher Ho

DATED: October ___, 2017

By: Richard M. Pearl

CALIFORNIA DEPARTMENT OF
CORRECTIONS AND REHABILITATION

DATED: October 25, 2017

By: Judi Lemos
Assistant General Counsel, CDCR