IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

VICTOR GUERRERO,

    Plaintiff,

v.

CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, and STATE PERSONNEL BOARD,

    Defendants.

No. C 13-05671 WHA

**ORDER RE OBJECTION TO COSTS**

## INTRODUCTION

In this employment discrimination suit, defendant moves for costs after prevailing on appeal. Plaintiff objects. For the reasons stated below, plaintiff's request to be relieved from cost obligations is **GRANTED IN PART**.

## STATEMENT

In this action, plaintiff Victor Guerrero challenged the hiring practices of defendant California Department of Corrections and Rehabilitation, and the agency charged with overseeing those practices, defendant State Personnel Board. Specifically, he contended that CDCR's employment questionnaire, which asked whether the applicant had ever used a false social security number (question number 75) had a disproportionate impact on Latinos, and violated various civil rights laws (Dkt. No. 117 ¶¶ 25, 62–95).

After a bench trial, the undersigned judge held that question number 75 violated Title VII of the Civil Rights Act, and granted relief in favor of Guerrero and against both CDCR and SPB.

Guerrero was awarded injunctive relief and backpay in the amount of $140,362 plus interest, which payment was stayed pending the conclusion of all appeals (Dkt. Nos. 263 at 23, 277 at 8, 348).

Defendants appealed, and in July 2017, our court of appeals reversed the decision only with respect to SPB, which it held was not liable (Dkt. No. 372).

On October 17, SPB submitted a bill of costs seeking a total of $13,203.70 incurred in defending this action (Dkt. No. 389-1). Guerrero opposes an award of costs altogether on the grounds that paying these costs would be a hardship for him due to his limited financial resources, and awarding costs would discourage future meritorious employment discrimination suits. Guerrero also objects to certain costs on the separate grounds that they are not taxable (Dkt. No. 391).

**ANALYSIS**

**1.　JUDGMENT.**

Guerrero first objects on the grounds that the undersigned judge has not yet entered judgment in favor of SPB, which is a precondition for a claim of costs under Civil Local Rule 54-1(a). He contends that costs should be denied on this basis alone.

In its opposition, SPB seeks entry of judgment in its favor to reflect our court of appeals finding of no liability (Dkt. No. 394-1 at 2; *see Guerrero v. California Dept. of Corrections, et al.*, Case Nos. 15-17001, 16-16096, Dkt. No. 47-1). In accord with the order issued by our court of appeals reversing the judgment against SPB, the judgment in this action is hereby modified such that judgment is entered in favor of the State Personnel Board and against Victor Guerrero. A companion order so reflects.

**2.　OBJECTIONS TO ALL COSTS.**

"Unless a federal statute, these rules, or a court order provides otherwise, costs . . . should be allowed to the prevailing party." FRCP 54(d)(1). A losing party bears the burden to overcome this presumption, and a district court "generally must award costs unless the prevailing party is guilty of some fault, misconduct, or default worthy of punishment." *Dawson v. City of Seattle*, 435 F.3d 1054, 1071 (9th Cir. 2006).

There are, however, equitable exceptions to this rule, and it is within the district court's discretion to deny, or reduce costs. Appropriate reasons for doing so include:

> (1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties. This is not an exhaustive list of 'good reasons' for declining to award costs, but rather a starting point for analysis.

*Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236 (9th Cir. 2014).

Here, Guerrero contends that he should be relieved from paying costs because this action fulfills all of the factors set forth in *Escriba*. He first contends that he is entitled to relief due to his limited financial resources. In support of this argument, Guerrero has submitted trial exhibits, as well as portions of the trial transcript, which show that after he was denied employment with CDCR, but before he was reinstated, Guerrero relied upon a succession of low-paying jobs to support his family earning approximately $12,000 in 2013 and $32,000 in 2014 (Dkt. No. 391-2 at 391–4). He further submitted a declaration showing that he currently earns approximately $3,600 per month after taxes and other deductions, and that this is roughly equal to what he spends to support his family, which includes his wife, his three sons, his son's girlfriend, and his grandchild (Dkt. No. 395-2 ¶¶ 4–6). Additionally, Guerrero and his wife have credit card debt totaling approximately $9,600 (*id.* ¶ 8).

SPB points out, however, that, in addition to his salary, Guerrero recovered $140,000 plus interest in back pay in this action (Dkt. No. 394-1 at 5; Dkt. No. 277 at 8). Moreover, Guerrero owns a rental property that brings in approximately $4,800 per year of net income, and through

part-time work, his wife earns an additional approximately $2,000 per year (Dkt. No. 394-2 at 111; Dkt. No. 395-2 ¶¶ 3).[1]

While by no means extravagant, Guerrero's finances do not warrant a departure from the general rule that the prevailing party is entitled to costs. None of the cases cited by Guerrero are to the contrary. Oddly, Guerrero first cites *Emad v. Boeing Co.*, No. C14-1233RSM, 2016 WL

---

[1] SPB further observes that Guerrero recently settled a fee dispute with CDCR for $1.4 million. Both Guerrero and his attorney, however, have submitted declarations showing that those fees inured to his attorneys, and therefore do not reflect on his personal finances (Dkt. No. 395-2 ¶ 5; 295-3 ¶ 5).

3

9227712, at *1 (W.D. Wash. Mar. 4, 2016), in which the court found that costs were appropriate even though they amounted to approximately thirty percent of plaintiffs income after deducting taxes and living expenses. There, the court noted that the plaintiff "should not have been caught off guard by these costs. Before filing this lawsuit, his counsel should have informed him of the potential taxation of costs, and made him aware of costs as they developed." *Id.* at n.1. So too here. In the only other decision cited by Guerrero, *Rivera v. NIBCO*, 701 F. Supp. 2d 1135, 1143 (E.D. Cal. 2010), the plaintiffs earned only between $20,000 and $25,000 per year, and, unlike Guerrero, had not, recently been awarded a substantial financial recovery. *Rivera* is not analogous, and does not warrant a departure from the rule that the prevailing party is entitled to taxable costs.

Nor will paying these costs have a chilling effect on other meritorious civil rights actions. The costs SPB is requesting cannot be considered in isolation. Guerrero recovered over $140,000 due to his successful prosecution of this action, and won injunctive relief that resulted in him receiving employment with the CDCR. Given his substantial success, requiring Guerrero to pay SPB's costs, which make up only a fraction of Guerrero's award, will not deter other meritorious employment discrimination suits.

Guerrero next contends that this litigation was a closely contested case of substantial importance, and therefore warrants a departure from FRCP 54(d)(1). While it is true that the issues in this litigation, which concerned discriminatory state hiring practices, were difficult and of considerable importance, this factor alone does not warrant departure from the general rule that costs should be awarded to the prevailing party. Indeed, if every discriminatory hiring case were considered to be of such importance as to warrant cost shifting, the exception would swallow the rule. This case was not so unusual as to overcome the presumption that the prevailing party is entitled to costs.

For the foregoing reasons, Guerrero's objection to paying any costs at all is **OVERRULED**.

### 3. SPECIFIC COST ITEMS.

Guerrero next argues that the majority of the expenses claimed by SPB are not taxable under FRCP 54. Specifically, he contends that (1) SPB failed to establish that the deposition

4

transcripts it obtained were necessary for use in this case, (2) the special master fees are not taxable, and (3) the appellate filing fee should not be taxed. Each argument is addressed in turn.

### A. Deposition Transcripts.

SPB seeks reimbursement for the costs of obtaining copies of the following deposition transcripts: (1) Victor Myers ($1,317.90), (2) David Sharp ($750.30), (3) Robert O'Brien - Vol. 1 & 2 ($1,752.00), (4) Paul Ramsey ($984.60), (5) Barbara Leashore ($770.40), (6) Christina Lopez ($580.80), (7) Michelle LaGrandeur ($640.30), totaling $6,693.70.

Neither party disputes that payments for deposition transcripts are taxable costs under Section 1920 of Title 28 of the United States Code and Civil Local Rule 54-3. Guerrero, however, contends that the deposition transcripts SPB seeks reimbursement for are not taxable because SPB has failed to explain why these deposition transcripts were "necessarily obtained for use in the case" (Dkt. No. 391 at 7 (quoting 28 U.S.C. 1920)).

Even if not entirely stricken, Guerrero argues that at the very least the cost of obtaining deposition transcripts of CDCR employees — totaling $3,727.60 — should not be taxed because SPB does not have any reason to have ordered those transcripts. Moreover, he contends that the costs associated with non-testifying witness transcripts — $1,400.70 — should also be deducted (*id.* at 8). Finally, Guerrero contends that SPB's $133.50 costs for "Handle/Process" and "Shipping" in connection with O'Brien's deposition transcripts are not taxable.

Guerrero first argues that SPB has failed to show that its claimed expenses are properly taxed, relying heavily upon *Plantronics, Inc. v. Aliph, Inc*., No. C 09-01714 WHA LB, 2012 WL 6761576 (N.D. Cal. Oct. 23, 2012) (Magistrate Judge Laurel Beeler). But he misconstrues the holding of *Plantronics*. That decision does not, as he contends, stand for the proposition that a prevailing party has an obligation to provide a detailed rationale for each item it seeks to tax. Rather, *Plantronics* held that a movant must provide sufficient detail to apprise the non-prevailing party of exactly what items he is seeking reimbursement for. *Id.* at *3.

SPB has done so here in the form of a list connected to itemized invoices (Dkt. No. 389-2). It is not obligated to provide a detailed rationale for each item it seeks to tax, especially in

the case of deposition transcripts of witnesses who appeared at trial (either live or through their deposition), or whose testimony was otherwise directly used in preparation of pre-trial motions.

These are exactly the types of transcripts for which SPB now seeks reimbursement. SPB has explained that each of the seven transcripts was obtained for both pre-trial and trial preparation. It notes that four of the seven witnesses gave live trial testimony, two testified via deposition, and that the final witness, Michelle LaGrandeur, did not testify at trial, but SPB used her deposition in its summary judgment motions (Dkt. No. 391-1 at 9–10). It further observes that three of the witnesses ultimately gave testimony that pertained directly to Guerrero's claims against both SPB and CDCR, and SPB examined one of the three, Robert O'Brien (*id.* at 10). Finally, it notes that Guerrero sought and received costs for the deposition transcripts of each of the witnesses that it now objects to SPB receiving costs for. SPB's decision to order these deposition transcripts was reasonable, and fulfills our Civil Local Rules and 28 U.S.C. 1920. Therefore the costs of the transcripts themselves shall be taxed.

The cost of shipping deposition transcripts, however, does not fall within the ambit of allowable costs under our Civil Local Rules and is therefore denied. *See City of Alameda, Cal. v. Nuveen Mun. High Income Opportunity Fund*, No. C 08-4575 SI, 2012 WL 177566, at *3 (N.D. Cal. Jan. 23, 2012) (Judge Susan Illston). Accordingly, SPB's costs are reduced by $133.50.

**B.     Special Master Fees.**

Guerrero next contends that SPB is not entitled to recover the fees it paid to the special master because those fees "had nothing to do with the underlying merits of the action but, instead, the failure of all parties — including SPB — to reasonably resolve their differences over a post-trial matter," specifically, the correct allocation of attorney's fees (Dkt. No. 391 at 9).

SPB contends that it is entitled to special masters fees because it "would not have been involved in the special master proceedings at all but for the fact that it was found liable on the merits" (Dkt. No. 394-1 at 11). Ultimately, by prevailing on the merits, SPB likewise prevailed on the issue of attorney's fees, and Guerrero's attempt to separate one from the other is unavailing. Special masters fees are allowable pursuant to Civil Local Rule 54-3(f). Here,

having prevailed entirely in the underlying action, SPB is entitled to recover the $5,500 it expended on special masters fees.

### C. Appellate Filing Fees.

Finally, Guerrero objects to SPB's two appellate filing fees totaling $1,010 — one for its appeal of the merits decision, the other for its appeal of the attorney's fees decision. As an initial matter, he contends that because our court of appeals never ruled on the attorney's fees issue, SPB is not entitled to recover its costs for filing that appeal, and should therefore be taxed $505 at the most (Dkt. No. 391 at 10).

This argument is not well taken. As SPB points out, the only reason our court of appeals did not reach SPB's attorney's fee appeal is that it determined Guerrero was entitled to no attorney's fees from SPB in light of its decision on the merits (Dkt. No. 394-1 at 11). This does not change the fact that SPB incurred two separate filing fees in order to preserve its right to appeal the attorney's fees issue had it lost its merits appeal.

Guerrero next contends that these fees should not be allowed because our court of appeals ordered SPB to bear its own costs on appeal, and denied reconsideration of this aspect of its order in a one line decision. No. 15-17043, Dkt. Nos. 96-1 at 10, 100. Guerrero urges that we follow the lead of the appellate court and deny costs for filing fees.

This order declines to do so. Local Rule 54–3(a)(1) states: "The Clerk's filing fee is allowable if paid by the claimant." FRAP 39(a) states that "if a judgment is affirmed, costs are taxed against the appellant" but "if a judgment is affirmed in part, reversed in part, modified, or vacated, costs are taxed only as the court orders." The filing fees are taxable and SPB incurred these fees in an ultimately successful effort to obtain relief from our court of appeals. They are now entitled to recover this cost.

**CONCLUSION**

SPB's costs are **GRANTED** and Guerrero's objections are **OVERRULED** with the exception of the $133.50 SPB seeks for shipping and handling. This order awards $13,070.20 in costs, which accounts for the $133.50 deduction. SPB shall submit the revised cost bill no later than **FOURTEEN DAYS** from the date of this order.

**IT IS SO ORDERED.**

Dated: December 9, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE